IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW WHITLOW, #165638, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-605-TMH |
| | ) |
| MONTGOMERY COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Andrew Whitlow ["Whitlow"], a state inmate, challenges the constitutionality of a conviction imposed upon him by the Circuit Court of Montgomery County, Alabama. Specifically, Whtilow asserts he was denied a fair trial because "agents working in behalf of the State ... tampered[] with evidence." *Complaint - Doc. No. 1* at 3. Whitlow further complains the defendants "conspired together fabricating testimonies and evidences (Finger prints & Styrofoam Cups) in order to mislead the triers of fact ... to convict for an improper reason. Also, failed to produce accurate finger print Analysis Reports regarding the alleged prints lifted." *Id*. Finally, Whitlow complains he received ineffective assistance of counsel at trial and on direct appeal. *Id*. (Trial counsel "failed to secure Plaintiff's witnesses whose testimony(ies) were supportive of his alibi defense ... [and] failed to pursue credible information regarding ... Finger prints purportedly

lifted ...; Appellant counsel failed to pursue Plaintiff's issues on appeal [by filing] an 'Anders Brief' placing the burden upon the Plaintiff to perfect such appeal without the assistance of competent counsel which resulted in an abandoned appeal." *Id*.

Whitlow names Montgomery County, the City of Montgomery, Ellen Brooks, the District Attorney of Montgomery County, prosecution detectives Thornell and Timmerman, Dr. Campbell and Dr. J. D. Smith, agents for the State, as defendants in this cause of action. Whitlow requests that this court "reverse, remand, or vacate his conviction and sentence ... and, award to the Plaintiff ... 2.5 million dollars for damages...." *Id*. at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II. DISCUSSION

The claims set forth by Whitlow challenge the validity of a conviction imposed upon him by the Circuit Court of Montgomery County, Alabama. These claims, however, provide no basis for relief in this cause of action at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of

---

[1] The court granted Whitlow leave to proceed *in forma pauperis* in this civil action. *Order of July 17, 2012 - Doc. No. 3*. Despite Whitlow's payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas

corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The claims raised in the instant complaint implicate the constitutionality of the conviction and resulting sentence imposed upon Whitlow by the Circuit Court of Montgomery County, Alabama. A judgment in favor of Whitlow on these claims would necessarily imply the invalidity of his conviction and resulting confinement. It is clear that the conviction made the basis of the complaint has not been invalidated in an appropriate proceeding. Consequently, any collateral attack under § 1983 on the conviction imposed upon Whitlow by the Circuit Court of Montgomery County, Alabama is prohibited and subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok* 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before September 1, 2012 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of August, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE